**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 3654

DOCKET No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

TARIK AHMED, TIMOTHY A. LESTER and
LOCUST VALLEY TOBACCO, INC.,

Jury Trial Demanded
★ JUL 24 2012 ★

Plaintiffs,

-against-

LONG ISLAND OFFICE

VERIFIED COMPLAINT

TOWN OF OYSTER BAY, FREDERICK P. IPPOLITO,
DIANA S. AQUIAR and JOSEPH CIAMBRA,

BIANCO, J.

Defendants.

WALL, M.J.

Plaintiffs, TARIK AHMED, TIMOTHY A. LESTER and LOCUST VALLEY TOBACCO, INC., by their attorney, Michael C. Sordi, Esq., Complaining of the Defendants set forth and allege as follows:

### INTRODUCTION

1. This case is brought to challenge the actions of the Defendants, and each of them, which actions have deprived the Plaintiffs of their constitutional rights to earn a living in the occupation of their choice as guaranteed by the Due Process, Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff Tarik Ahmed is the President of Locust Valley Tobacco, Inc., and Plaintiff Timothy A. Lester is an employee of Locust Valley Tobacco, Inc. The Plaintiffs own and operate a retail store in rented space located at 99 Forest Avenue, Locust Valley, New York.

3. The Defendants, and each of them have conspired to, and have

1

actually violated the rights of the Plaintiffs as guaranteed by the Constitution of the United States by arbitrarily, without any basis in law or in fact, issuing violations against the business being conducted by the Plaintiffs so that the business has been shut down, all without Due Process of Law, both substantive and procedural, and in violation of the Equal Protection rights of the Plaintiffs.

4.  The Plaintiffs seek to protect and vindicate their right to earn a living without being subjected to the unconstitutionally arbitrary and discriminatory barrier established under color of state law by and through the actions of the Defendants. Plaintiffs seek monetary damages as a result of the actions of the Defendants, including punitive damages, and they also seek declaratory judgment that the challenged laws and policies and acts of the Defendants are invalid, unenforceable, and void, permanent injunctions against any further enforcement of the challenged laws, policies and arbitrary and discriminatory acts of the Defendants, or implementation of any similar policy by the Defendants, and reasonable attorney's fees. 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

5.  Plaintiffs allege deprivation of rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment as protected by 42 U.S.C. § 1983. Jurisdiction over their claims is vested in this Court by 28 U.S.C. §§ 1331, 2201, and 2202.

6.  Venue is proper in this District under 28 U.S.C. § 1391 (b) on the grounds that some or all of the conduct at issue took place in, and/or some or all of Defendants reside in, the Eastern District of New York.

## PARTIES

7. Plaintiff Tarik Ahmed (hereinafter, "Ahmed") was born in Pakistan, and he is a naturalized citizen of the United States residing in the City of Glen Cove, County of Nassau, State of New York.

8. Plaintiff Timothy A. Lester (hereinafter, "Lester") is a citizen of the United States and a resident of the State of New York, County of Nassau.

9. Plaintiff Locust Valley Tobacco, Inc. is a corporation lawfully existing under and by virtue of the laws of the State of New York with principal offices located in the County of Nassau, State of New York.

## DEFENDANTS

10. Defendant Town of Oyster Bay (hereinafter, "TOB") is a body politic and a Municipal Corporation within the meaning and intendment of the statutes, and it is located wholly within the territorial jurisdiction of this Court.

11. Defendant Frederick P. Ippolito (hereinafter, "Ippolito") is the Commissioner of the Department of Planning and Development of the Defendant Town of Oyster Bay. In all of his actions and omissions alleged herein, Defendant was acting under color of state law and is being sued in this action in his official capacity pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), and in his individual capacity.

12. Defendant Diana S. Aquiar (hereinafter, "Aquiar") is the Assistant to the Commissioner of the Department of Planning and Development of the Defendant Town of Oyster Bay. In all of her actions and omissions alleged herein, Defendant

was acting under color of state law and is being sued in this action in her official capacity pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), and in her individual capacity.

13. Defendant Joseph Ciambra (hereinafter, "Ciambra") is a "Building Inspector I" in the Department of Planning and Development of the Defendant Town of Oyster Bay. In all of his actions and omissions alleged herein, Defendant was acting under color of state law and is being sued in this action in his official capacity pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), and in his individual capacity.

14. Plaintiffs are conducting business in a portion of the premises known and designated as 99 Forest Avenue, Locust Valley, New York.

15. The building in which the Plaintiffs are conducting their business was erected prior to 1940, i.e., prior to the inception of the Zoning Code of the Defendant TOB.

16. The Zoning Code of the Defendant TOB contains what is generally referred to as "grandfather" provisions that permit any structure and use that lawfully existed prior to the inception of the said Zoning Code to continue to remain, exist and be used, regardless of compliance with current Zoning and/or Building Codes.

17. According to the records maintained by the Defendant TOB, the business of the Plaintiffs is located within a building erected prior to 1940, the date of the inception of Defendant TOB's first Zoning Code, and those records further confirm that the said building is permitted to have and be used as three (3) retail

stores on the first floor, three apartments on the second floor, and a cellar for storage and support area.

18. Plaintiffs currently occupy a portion of the first floor of the said premises pursuant to a written Lease, as a retail store.

19. Plaintiffs at all times have been conducting a retail business in the portion of the said building that they occupy.

20. Plaintiffs' business consists of selling at retail items such as newspapers, magazines, lottery tickets, stationery, office supplies, cigarettes and cigars, candies, pre-packaged snacks and sundries, and drinks such as bottled water, bottled soda, bottled energy drinks and the like, milk, bottled iced teas and other similar pre-packaged foodstuffs.

21. In or about April, 2012, Plaintiffs purchased an electric grille/griddle and a sandwich press device, and several tables and chairs, and they brought the same to the location of their business.

22. At all times, the aforesaid electric grill/griddle and sandwich press remained unused and wrapped in their original plastic wrapping, and the tables and chairs remained stacked and stored in the premises, unused.

23. On or about April 23, 2012, Defendant Ciambra advised the Plaintiffs that they could not utilize the electric grille/griddle, the sandwich press and the tables and chairs that were then at the Plaintiffs' business located, and still in their wrapped condition, unused at all, for the stated reason that to use those items would thereby convert the subject premises from a permitted and grandfathered retail

store, into a restaurant, in violation of the provisions of the Zoning Code of the Defendant TOB.

24. Plaintiffs immediately removed the said electric grille/griddle, the sandwich press, and the tables and chairs form the premises, prior to any of those items ever having been actually used at the premises, and still wrapped in their original plastic wrapping.

25. Plaintiffs removed the aforesaid items from their place of business, prior to ever actually utilizing those items, so as to avoid running afoul of any Building and Zoning Codes of the Defendant TOB.

26. On or about April 23, 2012, Defendant Ciambra, at the specific direction of Defendants Ippolito and Aquiar, issued a Notice of Violation to the Plaintiffs, which said Notice alleged that the premises in which Plaintiffs were conducting their retail business constituted a "dangerous condition", and which Notice required the Plaintiffs to immediately cease all business operations at the said premises and to vacate the said premises immediately under threat of arrest.

27. Plaintiffs immediately complied with the unlawful Order and Notice issued by Defendant Ciambra, and they vacated the premises and ceased all business operations of a retail nature at the premises.

28. Thereafter, on or about April 30, 2012, the Plaintiffs, by their Counsel, wrote to the Defendants and challenged the said illegal Notice of Violation and/or Notice of Dangerous Building, all in accordance with the statute.

29. On May 7, 2012, Defendant Aquiar, acting at the specific direction of

Defendant Ippolito, wrote a letter to Plaintiffs' Counsel which specifically acknowledged that a "Notice of Dangerous Building" was never actually issued by the Defendants, and therefore the Plaintiffs would be unable to file a petition seeking a review of the alleged condition and determination of an alleged dangerous building as provided for in the statute.

30. On May 7, 2012, Defendant Aquiar, at the specific instance and direction of Defendant Ippolito, wrote a separate letter to Plaintiffs' Landlord in which Defendant Aquiar articulated the exact opposite position as set forth in her letter of the same date to Plaintiffs' counsel. That is, Defendant Aquiar's letter to Plaintiffs' Landlord indicated that Defendant Ippolito had indeed issued a determination that the premises occupied by the Plaintiffs did in fact constitute a "Dangerous Building" within the meaning and intendment of the statute, and which said letter purported to require the Plaintiffs to immediately cease all business activities at the premises and to vacate the premises.

31. On or about May 22, 2012, the Defendants caused a criminal action to be commenced in the Nassau County District Court against the Plaintiffs, which said criminal action alleged that the Plaintiffs had converted the premises into a restaurant in violation of the Defendant TOB's applicable Zoning and Building Codes, despite the fact that the Defendants, and each of them had actual knowledge that Plaintiffs had never used any cooking equipment at the premises, and despite actually knowing that Plaintiffs had actually removed any cooking equipment from the premises and all tables and chairs from the premises prior to any of the said

7

cooking equipment and tables and chairs had ever been actually used at the said premises.

32. On July 9, 2012, Plaintiffs answered the criminal charges filed against them by the Defendants in the Nassau County District Court, and they pled not guilty to all of the charges filed against them in the said Nassau County District Court at an Arraignment had thereon of the said charges. That matter is presently pending in said Court, and the next scheduled Court date is August 27, 2012.

33. On July 17, 2012, Defendant Ciambra served upon the Plaintiffs a "Notice of Violation" that purported to require the Plaintiffs to cease occupancy of the premises immediately as a result of an alleged unsafe condition at the premises.

34. On July 17, 2012, Defendant Ippolito issued a letter to the Plaintiffs which letter stated, in relevant part, that pursuant to the emergency powers granted to Defendant Ippolito under applicable law, he had declared the premises to contain a dangerous condition and he ordered the premises to be secured, boarded, fenced, sealed or otherwise made safe, and that no entry onto the premises was permitted by any person without the consent of Defendant Ippolito, and that interference with the aforesaid order would be considered an obstruction of governmental administration in violation of the penal laws of the State of New York, thereby subjecting the Plaintiffs to arrest.

35. The said letter issued by Defendant Ippolito on July 17, 2012 contained no statement of the particulars in which the building or structure was alleged to be unsafe, as is required under the statute.

36. The said letter issued by Defendant Ippolito on July 17, 2012 did not

purport to require the entire building to be vacated, but only required the Plaintiffs to vacate that portion of the building that they occupied in the conduct of their business as a retail store, under penalty of arrest.

## PROCEDURAL DUE PROCESS

37. Plaintiffs repeat each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length herein.

38. Under applicable law, the Letter Order issued by Defendant Ippolito was required to contain a detailed, particularized statement specifying how and in what manner the premises alleged to be in a dangerous condition was, in fact in such condition in order that the recipient of said letter Order could properly address the issues detailed therein and/or to afford the target of said order to prepare an appeal of the said determination.

39. As a result of Defendant Ippolito's failure to specify the particulars of how and in what manner the premises constitutes a dangerous condition such that it required the Plaintiffs to immediately vacate the premises and cease all lawful business at the premises, the Defendants, and each of them have effectively prevented the Plaintiffs from procedurally challenging the said Order, and they have thereby denied the Plaintiffs Due Process of Law.

## SUBSTANTIVE DUE PROCESS

40. Plaintiffs repeat each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length herein.

41. Plaintiffs possess a vested property right in and to the portion of the premises wherein they conduct their retail store business operations.

42. The actions of the Defendants, and each of them, have deprived the Plaintiffs of their vested property rights to conduct a retail business at the aforesaid premises, all without Due Process of Law.

### ARBITRARY AND CAPRICIOUS DEPRIVATION OF PROPERTY

43. Plaintiffs repeat each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length herein.

43. Plaintiffs have a vested property right in the commercial use of the premises as a retail store.

44. Plaintiffs have a right to be free from arbitrary and capricious actions under the guise of enforcement of zoning regulations.

45. The acts and actions of the Defendants, and each of them, have been and continue to be, arbitrary, capricious, without any rational basis in law or in fact, and in direct derogation of Plaintiffs' rights to Due Process.

### EQUAL PROTECTION

46. Plaintiffs repeat each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length herein.

47. The equal protection clause is a direction that all persons similarly situated be treated alike.

48. The Defendants, and each of them, have engaged in a pattern of behavior that has evidenced an intent to single out the Plaintiffs and to treat them differently from all other similarly situated persons, thereby depriving them of the right to equal protection under the law.

### INJUNCTIVE RELIEF ALLEGATIONS

49. Plaintiffs repeat each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length herein.

50. Since July 17, 2012, Plaintiffs have ceased conducting their retail business at the premises, under threat of arrest and prosecution if they should reenter the premises.

51. If not enjoined by this Court, the Defendants, and each of them, together with their agents, employees and representatives will continue to implement the provisions of the challenged order, and other similar policies and practices, that deny Plaintiffs their constitutional rights without due process, violate their right to equal protection of the laws, and deprive Plaintiffs Ahmed and Lester of the privileges or immunities of citizenship. In particular, the Defendants' enforcement policies will continue to deprive Plaintiffs of the opportunity to conduct business as a retail store. This course of conduct will cause Plaintiffs to suffer irreparable injury, including but not limited to, loss of business opportunities and the deprivation of their livelihoods. Plaintiffs have no plain, speedy, and adequate remedy at law for such an injury.

52. As a result of the foregoing, injunctive relief pursuant to 42 USC § 1983 and other authority is appropriate.

**DECLARATORY RELIEF ALLEGATIONS**

53. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

54. An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties. Plaintiffs contend that both

11

on their face and as applied to Plaintiffs, the challenged laws and order of the Defendants violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983. Plaintiffs Ahmed and Lester also allege that the provisions of the Code of the Defendant TOB which purport to authorize Defendant Ippolito to unilaterally Order a premises to be vacated, both on its face and as applied to them, violates the Privileges or Immunities Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. On all counts, Defendants contend otherwise.

55. Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

## PRAYER

WHEREFORE, Plaintiffs, Tarik Ahmed, Timothy A. Lester and Locust Valley Tobacco, Inc., request judgment against Defendants as follows:

A. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants.

B. For appropriate compensatory damages in an amount to be determined at trial;

C. For appropriate punitive damages in an amount to be determined at trial;

D. For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to affect Plaintiffs, or

others;

E. For an award of reasonable attorney's fees and costs on Plaintiffs' behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988; and

F. For such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Dated: Northport, New York
   July 23, 2012

Respectfully submitted,

*Michael C. Sordi*
Michael C. Sordi 2915
Attorney for Plaintiffs
P.O. Box 759
112 Waterside Avenue
Northport, New York 11768
(516) 639-5437

VERRIFICATION:

STATE OF NEW YORK)
COUNTY OF NASSAU)

Tarik Ahmed, being duly sworn says that he is one of the Plaintiffs in the captioned matter, he has read the foregoing Complaint and he is familiar with its contents; the same are true to his own knowledge, except as may be otherwise indicated to be based upon information and belief and as to those allegations, Plaintiff believes them to be true.

_____
Tarik Ahmed

Sworn to before me this
24th day of July, 2012

_____
Michael C. Sordi
Notary Public, State of New York
No. 02SO6257251
Qualified in Suffolk County
Commission Expires 3/12/2016

14

Docket No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TARIK AHMED, TIMOTHY A. LESTER and
LOCUST VALLEY TOBACCO, INC.,

                       Plaintiffs,

    -against-

TOWN OF OYSTER BAY, FREDERICK P. IPPOLITO,
DIANA S. AQUIAR and JOSEPH CIAMBRA,

                       Defendants.

---

## VERIFIED COMPLAINT

---

Pursuant to 22 NYCRR 130-1.1. the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous, and that (2) if the annexed document is an initiating pleading (i) the matter was not obtained through illegal conduct and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a..

                                      Michael C. Sordi, Esq.

---

LAW OFFICES OF MICHAEL C. SORDI
Attorney for Plaintiff
P.O. Box 759
Northport, New York 11768
(516) 639-5437