UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X   For Online Publication Only
TARIK AHMED and LOCUST VALLEY
TOBACCO, INC.,

                Plaintiffs,

    -against-                                             **ORDER**
                                                       12-CV-3654 (JMA) (SIL)
JOSEPH CIAMBRA,

                Defendant.
─────────────────────────────────────────X

**FILED**
**CLERK**

1:24 pm, Jan 17, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

Michael C. Sordi
P.O. Box 759
Northport, NY 11768
    *Attorney for Plaintiffs*

Christopher Kendric
Kendric Law Group P.C.
126 Main Street, #279
Cold Spring Harbor, NY 11724
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

Currently before the Court is Defendant Joseph Ciambra's ("Defendant") multipart motion in limine (ECF No. 99 ("Defendant's Motion")). The Court addresses each part of Defendant's Motion in turn. For the reasons set forth herein, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

**A. Defendant's Entitlement to Prosecutorial Immunity**

Defendant initially argues, albeit in the joint pretrial order, that he is entitled to absolute prosecutorial immunity and cannot be held civilly liable by Plaintiffs Tarik Ahmed ("Ahmed") and Locust Valley Tobacco, Inc. ("LVT") in this matter, for filing the underlying state court criminal informations against them.

Prosecutors have immunity for acts within the scope of their duties as advocates in the prosecutorial process. Bey v. Sciarrino, No. 22-cv-56, 2022 WL 3045187, at *1 (E.D.N.Y. Aug. 2, 2022) (citing Santulli v. Russello, 519 F. App'x 706, 711 (2d Cir. 2013)); see also Ogunkoya v. Monaghan, 913 F.3d 64, 69 (2d Cir. 2019). To determine whether an official enjoys absolute immunity, courts employ "functional approach," examining "the nature of the function performed, not the identity of the actor who performed it." Kanciper v. Lato, 989 F. Supp. 2d 216, 228 (E.D.N.Y. 2013) (quoting Simon v. City of New York, 727 F.3d 167, 171-72 (2d Cir. 2013)). Notwithstanding, a prosecutor's investigatory functions that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Zanfardino v. City of New York, 230 F. Supp. 3d 325, 333 (S.D.N.Y. 2017) (internal citations and quotations omitted).

It is well-settled that a non-prosecutor's mere submission of documents (criminal complaint, information, affidavit, etc.) to a court in support of a criminal prosecution does not, by itself, confer prosecutorial immunity on the submitting party, although qualified immunity may be available. See Washington v. Napolitano, 29 F.4th 93, 103 (2d Cir. 2022), cert. denied, 2022 WL 17408172 (Dec. 5, 2022) (citing Malley v. Briggs, 475 U.S. 335, 342–43 (1986), and the Supreme Court's explicit rejection of "the contention that a police officer should have absolute immunity for submitting a complaint and supporting affidavit to a court in order to obtain an arrest warrant" and instead holding "that such a function is only protected by qualified immunity.") Prosecutorial immunity is similarly unavailable to a non-prosecutor who acts as a "complaining witness" vis-à-vis the submission of a criminal information. See, e.g., Kanciper, 989 F. Supp. 2d at 229 (citing Kalina v. Fletcher, 522 U.S. 118, 130-31 (1997), and holding that the prosecutor was not entitled to absolute immunity for acting as a complaining witness); Cooperstein v. Procida, No. 00-cv-

2

2642, 2001 WL 715831, at *2 (E.D.N.Y. June 4, 2001) (finding that defendant "[was] not protected by absolute immunity for his preparation of the criminal informations.").

Based on the presently available facts, the Court finds that Defendant has failed to sufficiently establish his entitlement to prosecutorial immunity. Defendant's invocation of prosecutorial immunity appears to be based on his filing of the criminal information against Plaintiffs. As set forth above, a non-prosecutor's filing of a criminal information is not, by itself, entitled to prosecutorial immunity, and any dispute as to this fact will not prevent this matter from proceeding to trial. The Court thus denies Defendant's prosecutorial immunity claim at this time.

## B. Plaintiffs' Economic Damages

Defendant next seeks to limit Plaintiffs from introducing evidence of their economic losses stemming from the closure and delayed reopening of their convenience store (the "Store"). Defendant first contends that LVT should not be permitted to recover damages for: (1) lost lotto commissions or sales profit, expired merchandise/goods, rent, and utilities for: (a) the time the Store was closed; and (b) an unspecified time after the Store's reopening; or (2) LVT's diminished profits from the Store post-reopening, because such damages were not proximately caused by Defendant's actions. A plaintiff seeking compensatory damages under Section 1983 "must prove that his injuries were proximately caused by the constitutional violation." Gibeau v. Nellis, 18 F.3d 107, 110 (2d Cir. 1994); Sloup v. Loeffler, 745 F.Supp.2d 115, 143 (E.D.N.Y. 2010).

Whether Defendant's actions proximately caused Plaintiffs' damages is an issue of fact for the jury. Plaintiffs will be permitted to introduce evidence to support their damages claim, and such evidence will be evaluated by the jury. That Plaintiffs have not retained a damages expert is not prohibitive of their ability to seek economic damages, as the method of introducing this evidence (expert v. non-expert testimony) would bear on its weight, not its admissibility.

Defendant similarly argues that Ahmed lacks a vested property interest in LVT's business assets (here, the Store), and thus cannot recover damages allegedly sustained by LVT due to the Store's closure. The Court again disagrees. While Plaintiffs may only recover once for the Store's alleged losses, Ahmed – LVT's sole shareholder – may testify regarding his ownership of LVT, as well as LVT's losses. The jury will evaluate this testimony and attribute to it the appropriate weight. Defendant's Motion is granted in part and denied in part as to these requests.

C. **Plaintiffs' Promissory Note-Related Damages**

Defendant next seeks to preclude Plaintiffs from recovering damages sustained by Ahmed in connection with the acceleration of a promissory note and personal guarantee entered into approximately nine months before Defendant's first inspection of the Store. As noted above, Plaintiffs must establish that the damages sought were proximately caused by Defendant's unconstitutional actions. Plaintiffs' opposition to this part of Defendant's Motion provides no facts from which the Court can infer that Ahmed's losses in relation to the promissory note and personal guarantee were proximately caused by Defendant's actions. Based on the lack of a causal nexus between Defendant's actions and Ahmed's alleged losses, the Court grants Defendant's Motion as to this point. Plaintiffs may not seek to recover damages sustained as a result of the accelerated promissory note or personal guarantee, including the additional interest Plaintiffs paid and the fees they expended in defending the related collection action on the note and guarantee.

D. **Recovery of Plaintiffs' Legal Fees**

Finally, Defendant contends that a portion of Plaintiffs' legal fees incurred: (1) defending against building code violations in local criminal court; and (2) prosecuting the state court Article 78 proceeding to force re-opening of the Store are not recoverable in the instant action. Plaintiffs neither address nor respond to this point in their opposition to Defendant's Motion.

Traditionally, under the "American Rule" for awarding attorney's fees, "parties are ordinarily required to bear their own attorney's fees" and fees are not awarded to a prevailing party "absent explicit statutory authority." Stephen T. Greenberg, M.D., P.C. v. Perfect Body Image, LLC, No. 17-cv-5807, 2020 WL 6146617, at *1 (E.D.N.Y. Oct. 20, 2020), aff'd, 2022 WL 275378 (2d Cir. Jan. 31, 2022) (internal citations and quotations omitted). Where, as here, parties seek reimbursement of their attorney's fees pursuant to § 1988, fees incurred in connection with related administrative law proceedings are generally not recoverable. Lexjac, LLC v. Bd. of Trustees of the Inc. Vil. of Muttontown, 07-cv-4614, 2015 WL 13001537, at *4 (E.D.N.Y. Mar. 20, 2015); see also Small v. New York City Tr. Auth., 03-cv-2139, 2014 WL 1236619, at *8 (E.D.N.Y. Mar. 25, 2014); Razzano v. County of Nassau, No. 07-cv-3983, 2012 WL 1004900, at *15 (E.D.N.Y. Feb. 27, 2012), report and recommendation adopted, 2012 WL 1004898 (E.D.N.Y. Mar. 23, 2012); Vecchia v. Town of Hempstead, 927 F. Supp. 579, 580 (E.D.N.Y. 1996)

Based on these standards, and Plaintiffs' failure to provide any facts or legal authority to counter Defendant's arguments and legal support for this point, the Court grants in part and reserves judgment in part, on this prong of Defendant's Motion. Accordingly, Plaintiffs may not seek to recover legal fees incurred prosecuting the Article 78 proceeding to force re-opening of the Store, but the Court reserves judgment as to whether Plaintiffs may recover fees incurred defending against the underlying building code violations.

## CONCLUSION

Based on the foregoing, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

This matter will proceed to jury selection and trial beginning on January 23, 2023.

**SO ORDERED.**

Dated: January 17, 2023
       Central Islip, New York

                                              /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE