FILED
CLERK
11:48 am, Jul 10, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────X

For Online Publication Only

TARIK AHMED and LOCUST VALLEY
TOBACCO, INC.,

        Plaintiffs-Appellants,

    -against-

JOSEPH CIAMBRA,

        Defendant-Appellee.

**ORDER**
12-CV-3654 (JMA) (SIL)

─────────────────────────────────X

**AZRACK, United States District Judge:**

Currently before the Court is the motion of Defendant-Appellee Joseph Ciambra ("Defendant") to compel Plaintiffs-Appellants Tarik Ahmed and Locust Valley Tobacco, Inc. ("Plaintiffs"), pursuant to Federal Rule of Appellate Procedure ("FRAP") 10(b)(3)(B), to order and produce certain additional parts of the underlying trial transcript, in connection with Plaintiffs' appeal to the United States Court of Appeals for the Second Circuit. See Defendant's Motion to Compel, ECF No. 125 ("Defendant's Motion"). For the reasons set forth herein, Defendant's Motion is **GRANTED** in full.

### I. BACKGROUND[1]

**A. The Underlying Trial and Jury Verdict**

The undersigned presided over the parties' three-day jury trial, from January 24-26, 2023. See ECF Nos. 115, 117, 120. The parties submitted proposed jury instructions near the end of trial and the Court held a charge conference on January 25, 2023. See ECF Nos. 108, 109, 116, 117. The parties raised objections to the draft jury instructions – which the Court incorporated into the final instructions – and did not object to the final jury instructions. See ECF Nos. 117, 119.

---

[1] Only background facts relevant to determination of the pending motion are set forth herein.

After both sides rested, the jury was charged and retired to deliberate. See ECF No. 120. While deliberating, the jury sent a note – which was not published on the docket – that read:

> We're having a difficult time deciding what falls under subsequent construction. Would plumbing, duct work, and electrical fall under subsequent construction? In regards to substantive due process claim.

Shortly after receiving this note, the Court conferred with the parties regarding a response. The parties disagreed with one another, and the Court proposed that it would: (1) acknowledge receipt of the question; (2) refer the jury to the Court's substantive due process jury instructions; and (3) advise the jury that subsequent construction is construction for which a permit is necessary. Defense counsel did not object, but Plaintiffs' counsel generally disagreed – without explaining the basis for the disagreement or offering an alternative response – with the Court's proposed response. The Court overruled this vague objection and provided the response. The jury again retired to deliberate and subsequently returned a unanimous verdict in Defendant's favor. See ECF Nos. 120, 122. Judgment was entered in Defendant's favor on January 26, 2023. See ECF No. 123.

B. **Plaintiffs' Appeal and Subsequent Transcript Dispute**

Plaintiffs timely appealed from the judgment on February 27, 2023 and contended that the Court erred when it "answered a question posed by the Jury by defining 'subsequent construction' as performing any work that required a building permit, as it is contended that the law does not support that definition as it is too narrow of a definition and does not comport with New York law on the issue." See ECF Nos. 124, 125-1 at 1. On March 13, 2023, as required by FRAP 10(b)(1), Plaintiffs ordered a portion of the trial transcript – specifically only from "[j]jury instructions to [v]erdict." See ECF No. 125-3; see also FRAP 10(b)(1); Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (FRAP 10(b)(1) requires the appellant to order trial transcripts.).

Thereafter, on April 6, 2023, Defendant requested, pursuant to FRAP 10(b)(3)(B), that by or before April 20, 2023, Plaintiffs order additional parts of the trial transcript, to provide the Second Circuit with a full understanding of the case, the evidence presented during trial, and the necessary context to understand why the Court answered the jury's question the way it did, namely:

- Defendant-Appellee's opening statement;
- Plaintiff-Appellant Tarik Ahmed's trial testimony;
- Defendant-Appellee Joseph Ciambra's trial testimony;
- Non-party witness Paul Schieferstein's pre-trial deposition testimony, as read into the trial record;
- January 25, 2023 charge conference;
- Defendant-Appellee's summation;
- January 26, 2023 mid-deliberation conference discussing the jury's question and the Court's response; and
- Proceedings immediately following the jury's January 26, 2023 verdict.

See ECF No. 125-2.

Plaintiffs declined this request, prompting Defendant to file the instant motion. See Defendant's Motion. At this Court's direction, Plaintiffs filed their one-page opposition on May 12, 2023, to which Defendant replied the next day. See ECF Nos. 126, 127. For the reasons set forth herein, Defendant's Motion is granted in full.

## II. DISCUSSION

### A. Legal Standards

FRAP 10 governs the record on appeal and provides that, unless the entire transcript is ordered, the appellant must, within 14 days, "file a statement of the issues that the appellant intends to present on the appeal." Fed. R. App. P. 10(b)(3)(A). If "the appellee considers it necessary to have a transcript of other parts of the proceedings, [they] must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered." Fed. R. App. P. 10(b)(3)(B). If the appellant does not order all such parts requested, the appellee may "either order the parts or move in the district court for an

order requiring the appellant to do so." Fed. R. App. P. 10(b)(3)(C); see also LeClair v. Raymond, No. 19-cv-28, 2022 WL 7008279, at *1 (N.D.N.Y. Oct. 12, 2022); Weiping Liu v. Indium Corp. of Am., No. 16-cv-1080, 2020 WL 6568606, at *2 (N.D.N.Y. May 6, 2020).

As the Second Circuit has stated, an appellant's failure to provide the relevant transcripts deprives it of "the ability to conduct meaningful appellate review." LeClair, 2022 WL 7008279, at *2 (quoting Glowski, 232 F.3d at 120); see also Reape v. Berrios, 514 F. App'x 25, 25-26 (2d Cir. 2013) (summary order).

**B. Analysis**

Here, Defendant seeks an Order pursuant to FRAP 10(b)(3)(C), directing Plaintiffs to supplement their partial transcript with the additional portions identified above. See Defendant's Motion. Defendant's two-pronged argument is that Plaintiffs' current, partial transcript: (1) will be insufficient for the Second Circuit to properly determine whether Plaintiffs' stated issue was preserved for appeal, and if so, the applicable standard of review; and (2) does not provide the Second Circuit with a coherent explanation of the facts of the underlying case. See id. Plaintiffs conversely contend that the supplied trial transcript is sufficient because: (1) their appeal presents a question of law, specifically "what constitutes 'subsequent construction' sufficient to end grandfathering" under New York law; and (2) the additional portions requested by Defendant "ha[ve] no relevance to the sole question of law presented." See ECF No. 126. Having reviewed the parties' arguments, the Court concludes that the issues Plaintiffs intend to raise on appeal implicate most, but not all, of the transcripts Defendant seeks to have ordered.

Turning to Defendant's first argument, the Circuit Court will not review Plaintiffs' stated issue de novo if that issue was not properly preserved during the underlying trial proceedings, and will reverse only where the jury charge, viewed as a whole (inclusive of the Court's response to

4

the jury's question), evinces "prejudicial error."  See generally Sooroojballie v. Port Auth. of N.Y. & N.J., 816 F. App'x. 536, 544-45 (2d Cir. 2020); Brennan-Centrella v. Ritz-Craft Corp., 788 F. App'x. 799, 803-04 (2d Cir. 2019).  It is this Court's duty to ensure that the Circuit Court receives enough of the underlying transcript so that it may determine whether Plaintiffs' issue was properly preserved.  The Court thus concludes that the following additional parts of the trial transcript must be ordered as they will allow the Second Circuit to properly conduct its review:  (1) the January 25, 2023 charge conference; (2) the January 26, 2023 mid-deliberation conference discussing the jury's question and the Court's response; and (3) the proceedings immediately following the jury's January 26, 2023 verdict.

Turning to Defendant's second argument, the Court concludes that, in order to give the Circuit Court a full understanding of the underlying matter, the evidence presented at trial, and the context to understand why the Court answered the jury's question the way it did, the following parts of the trial transcript are necessary:  (4) Plaintiff-Appellant Tarik Ahmed's trial testimony; (5) Defendant-Appellee Joseph Ciambra's trial testimony; (6) Non-party witness Paul Schieferstein's pre-trial deposition testimony, as read into the trial record; (7) Defendant-Appellee's opening statement; and (8) Defendant-Appellee's summation.  See Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); see also Nicholas v. City of Binghamton, N.Y., No. 10-cv-1565, 2014 WL 2967688, at *2-3 (N.D.N.Y. July 1, 2014) (granting defendants' motion to direct plaintiff "to obtain copies of additional testimony" for the record on appeal because "the material sought to be added to the record on appeal by the Defendants is relevant and material to the issues raised by the Plaintiff"); LeClair, 2022 WL 7008279, at *2 (same).

5

### III.  CONCLUSION

Based on the foregoing, Defendant's Motion is **GRANTED** in its entirety.  Plaintiff shall order the additional portions of the trial transcript identified above and provide Plaintiffs with proof of that order within fourteen (14) days of the date of this Order.

**SO ORDERED.**

Dated:  July 10, 2023
           Central Islip, New York

                                                                                /s/ (JMA)
                                                                JOAN M. AZRACK
                                                                UNITED STATES DISTRICT JUDGE